United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31183
SUMMARY CALENDAR

_____

NORMAL PARM, JR.; HAROLD EUGENE WATTS; ROY MICHAEL GAMMILL;
WILLIAM T. ROGERS; ROBERT ALLEN BALCH

Plaintiffs - Appellants

v.

MARK W. SHUMATE, in His Official Capacity as Sheriff of East Carroll Parish

Defendant - Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-2624)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Plaintiff-appellants appeal the district court's decision to abstain from hearing their claims

pending the outcome of a Louisiana state court decision which will determine ownership and

navigation rights related to a series of waterways, the use of which led to appellants' arrest. For

the following reasons, we affirm the district court's abstention ruling.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

Plaintiff-appellants Normal Parm, Jr., Harold Eugene Watts, Roy Michael Gammill, William T. Rogers and Robert Allen Balch ("appellants") claim they were falsely arrested for trespass by the Sheriff of East Carroll Parish, Louisiana. The arrests occurred as a result of appellants' use, for various purposes, of a series of waterways connected to the Mississippi River that are located in and around East Carroll Parish, including the waterways known as Bunche's Cut-off, Old River, the old channel, Gassoway Lake, Little Gassoway Lake and other unnamed navigable waterways.

To put the matter simply, the arrests are disputed because ownership of the waterways is itself disputed. Appellants claim that the waterways mentioned above (hereinafter referred to as "disputed waterways") either constitute public property owned by the State of Louisiana or that said waterways are subject to certain servitudes of navigation and use in favor of the public under both federal and state law. Sheriff Shumate avers that, as a matter of record title, the disputed waterways are owned by a private corporation known as Walker Lands, Inc. ("Walker"), and that Walker has complained to the sheriff that appellants –and others– have been trespassing on its property. Presumably these complaints led to the appellants' arrests.

## II.

Appellants brought suit in district court seeking a declaratory judgment that "there is not sufficient evidence to support a verdict of guilty beyond a reasonable doubt that the Plaintiffs commit a criminal trespass, under Louisiana criminal law, when the Plaintiffs utilize, fish, float on, hunt, or transport goods and services on or over the [disputed waterways]." Appellants also sought a permanent injunction preventing the defendant from arresting them for criminal trespass

for using the disputed waterways, in addition to seeking damages, attorney's fees and court costs.

After the Sheriff answered the Plaintiffs' complaint, appellants filed a motion for partial summary judgement on their claims for injunctive and declaratory relief. In response, Sheriff Shumate opposed the motion, filed his own motion for summary judgment and, as an alternative, filed a motion to stay the proceeding pending a decision in a state court case that will determine the ownership of the disputed waterways.

The magistrate judge assigned to this case issued a Report and Recommendation in which he recommended that the case be stayed pending a decision in the state court case mentioned above. In so recommending, the magistrate judge concluded that abstention pursuant to the *Pullman* doctrine was appropriate. Given his conclusion, the magistrate judge did not consider the merits of either party's summary judgement motion. Despite appellants' objections, the district judge adopted the magistrate's Report and Recommendation as the opinion of the court. Appellants then filed timely notice of their appeal.

III.

We apply a two-tiered standard of review in abstention cases. *Nationwide Mutual Insurance Company v. Unauthorized Practice of Law Committee*, 283 F.3d 650, 652 (5th Cir. 2002). Although we review a district court's abstention ruling for abuse of discretion, we review whether the requirements of a particular abstention doctrine are satisfied using a de novo standard. *Id.* Thus, in *Pullman* doctrine cases, we review the district court's decision to abstain for abuse of discretion, provided that the elements of *Pullman* abstention are present. *Id.*

Under the *Pullman* doctrine, a federal court should abstain from exercising its jurisdiction "when difficult questions of state law must be resolved before a substantial federal constitutional

question can be decided." *Id.* (quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)); *see also Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and 'needless friction with state policies . . .'" *Midkiff*, 467 U.S. at 236, 104 S.Ct. 2321. In order for abstention based on *Pullman* to be appropriate, the case must involve: (1) a federal constitutional challenge to a state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for us to rule on the constitutional question. *Nationwide*, 283 F.3d at 653.

IV.

As all parties concede, the first prong necessary for abstention based on *Pullman* is clearly satisfied. An arrest is unquestionably state action, and appellants have raised several arguments regarding the propriety of their arrests that implicate constitutional rights. We note that, herein, we express no opinion regarding the merits of appellants' arguments; we only pause to clarify that the arguments appear, at least facially, to deserve consideration. *See Nationwide* 283 F.3d at 653.

To satisfy the second prong of the *Pullman* abstention doctrine, "there must be an uncertain issue of state law that is 'fairly susceptible' to an interpretation that would render it unnecessary for us to decide the federal constitutional questions in a case." *Id.* (citing *Baran v. Port of Beaumont Navigation Dist.*, 57 F.3d 436, 442 (5th Cir. 1995) and *Harman v. Forssenius*, 380 U.S. 528, 534-35, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965)).

The magistrate judge –whose opinion was adopted by the district court– noted that:

In this case there is an issue of state law as to whether or not the waters and water bottoms of the waters at issue are navigable and, therefore, subject to public use. If the waters are public, then, of course, the Louisiana trespass law would be inapplicable to

persons legally using the waters. It must be presumed that the Sheriff would then follow the law and not arrest plaintiffs or others for trespass for using the waters.

The magistrate continued by stating that:

> The Plaintiffs have presented compelling arguments, including, but not limited to, the existence of the 1996 Attorney General's opinion and the decision of the Second Circuit Court of Appeal in the now pending state court case that the waters and water bottoms are navigable and subject to public use. However, that case is still to be decided by the state district court. Based on the scant evidence before the court, I find that there is a reasonable probability that the state courts may find the waters at issue to be navigable and thus public, which decision would obviate the need for the federal court to decide the Constitutional issue presented in this suit for injunction and declaratory judgment.

The magistrate concluded that *Pullman* abstention was called for based on the foregoing reasons, stating that "the ultimate determination of navigability under state law may do away with the need for this court to entertain the Constitutional issue presented."

The appellants argue that abstention based on *Pullman* is not appropriate because the issues presented in the federal district court are not the state law issues presented in the state litigation –i.e., there are no common issues presented in this case and the state court action. It seems, however, that the plaintiffs misinterpret the nature of abstention under *Pullman*. There is no requirement, under *Pullman*, that a federal court be asked to adjudicate precisely the same issue that is being adjudicated in state court in order for *Pullman* to apply. Rather, the standard is as stated above. The gist of *Pullman* abstention is that, when state law is unclear, a federal court should avoid litigating a constitutional issue by staying its proceedings and awaiting a potentially dispositive pronouncement by the state courts. *Midkiff*, 467 U.S. at 236, 104 S.Ct. 2321.

We should note that, as the record before us stands, we have very little verifiable information regarding the status of the state court case at issue. However, despite that fact and despite plaintiffs' claims regarding the nature of this litigation, the underlying issue in the case at

hand is unquestionably related to the ownership interests in the disputed waterways.

The questions regarding Louisiana law being litigated in state court are, we believe, fairly susceptible to an interpretation that would render it unnecessary for the federal courts to decide the constitutional issues presented in this case. When the state district court offers its judgment regarding the navigability and ownership of the disputed waterways, the constitutional issues presented here may very well become moot.

Given that the strictures of the *Pullman* doctrine were satisfied, and given Louisiana's interest in determining the property rights at issue in the state court, the district court did not abuse its discretion in abstaining based on *Pullman* in this case. *See Nationwide*, 283 F.3d at 655. As is ordinarily the case when abstention is proper, the district court ordering abstention based on *Pullman* should "retain jurisdiction but . . . stay the federal suit pending determination of the state-law questions in state court." *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 88 n.14, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975).

V.

For the foregoing reasons, the decision of the district court is AFFIRMED.